The STATE of Ohio, Appellant,

v.

WISE, Appellee.

[Cite as *State v. Wise* (1994), 99 Ohio App.3d 239.]

Court of Appeals of Ohio,
Franklin County.

No. 94APC05–716.

Decided Dec. 20, 1994.

*Ronald J. O'Brien,* City Attorney, *David M. Buchman, Brenda J. Keltner* and *Jodi M. Finch,* Assistant City Attorneys, for appellant.

*W. Locke McKenzie, Jr.,* for appellee.

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of the state of Ohio from the May 5, 1994 entry of the Franklin County Municipal Court which dismissed the charges against appellee, David A. Wise, at the request of the prosecuting witness and over the objection of the city attorney. The state sets forth the following single assignment of error on appeal:

"The trial court exceeded its discretion to the prejudice of the prosecution by dismissing *sua sponte* the charges of domestic violence and assault before the commencement of trial upon the request of a prosecuting witness and over the objection of the prosecutor."

On March 23, 1994, Donna J. Wise executed and filed a complaint charging her husband, defendant-appellee Donald A. Wise, with assault under Columbus City Code 2303.01(A) and domestic violence under R.C. 2919.25(A), in that he did knowingly cause physical harm to her. The case came on for trial on May 5, 1994, appellee having pled not guilty. At that time, appellee, his attorney and Donna Wise (the prosecuting witness) appeared before the trial court. The city attorney was not present at the beginning of the court's inquiry. At that time, the prosecuting witness informed the court that she wanted to dismiss the charges because she had filed for divorce and appellee had not caused her any more problems. The trial court questioned her at length to determine if she had been threatened to withdraw these charges and informed her of the consequences of her decision. The court indicated that the file would be closed at which time the court asked the city attorney, who had subsequently entered the court room, if she had any questions for the prosecuting witness. At that time, the city attorney strongly objected to the matter being dismissed, informed the court that the injuries in this case had been substantial, and argued that the city was prepared to go forward with the matter. Thereafter, the trial judge dismissed the matter and stated the following:

"THE COURT [to the prosecuting witness]: But I believe as a practical matter, your cooperation, meaning truthful testimony, meaning appearance at court proceedings, is necessary for the prosecution to go forward. And I don't see that you wish to cooperate with that process. There is a protective order issued in the civil courts. I know that you were represented in that matter, you have a way to protect your interest pursuant to that civil protective order.

"And for all those reasons, I am going to dismiss these cases over the prosecution's objection."

Thereafter, the trial court put on an entry indicating that the case had been dismissed at the request of the prosecuting witness, because she had a civil protection order, and she indicated that she was not willing to cooperate with the prosecutor's office.

The state appeals this matter and raises the following issue for this court's consideration: Whether the trial court may dismiss the charges against a defendant upon the request of a witness for the prosecution before trial when the prosecution objects to the dismissal and is prepared to proceed to trial?

In *Dayton v. Thomas* (Apr. 18, 1980), Montgomery App. No. 6567, unreported, the court of appeals faced almost the identical question. In that case, the court set out the issue as follows:

"The question to be decided in this case is whether a trial judge, over the objections of the prosecuting attorney, may dismiss a misdemeanor complaint charging domestic violence upon the request of the victim witness who did not wish to proceed."

The only difference between the *Thomas* case and this case is that in the *Thomas* case, the attorney for the defendant moved the court for dismissal on the grounds that the prosecuting witness did not wish to go forward. In the present case, the complaining witness herself requested that the case be dismissed. In terms of the outcome, it is a distinction without a difference.

On appeal, the *Thomas* court noted that its case was a case of first impression in Ohio. As such, the court provided a lengthy dissertation of the constitutional authority of a trial court and the definitions of "court" and "judge" and the power afforded to a court. The court concluded its discussion by stating as follows:

"Implicit in the various definitions of 'court' and 'judge' is the existence of 'controversy,' which presupposes that there are two sides to the question to be decided. Before a controversy exists, therefore, there must be at least two persons (or legal entities) with potentially opposing view[s]. In the case *sub judice,* the two parties are, on one side, the city of Dayton (or state of Ohio), and on the other side, the defendant, Richard Thomas. The defendant's wife, Carol A. Thomas, at most is a witness for the real party, the state of Ohio. While she

may have an interest in the outcome of the litigation, her interest is incidental to the princip[al] controversy, which is between the state of Ohio, or the people thereof, and the defendant. The duty of a judge is to hear and determine controversies, not to refuse to hear them, for whatever reason.

" * * *

" * * * The crime against the state of Ohio, if any, was committed, if at all, on June 22, 1979. What happened between that date and August 27, 1979, when the case was called for trial, cannot in any way change what actually happened on June 22. The state of Ohio, as the complaining party in this case, is entitled to its day in court." (Footnote omitted.)

In reversing and remanding the matter to the Dayton Municipal Court for further proceedings in accordance with law, the *Thomas* court concluded as follows:

"In deciding this case as we do, we do not conclude that the trial judge abused his discretion when he sustained defense counsel's motion to dismiss: what we are saying is that under the facts before us he had no discretion. His judicial duty required that he overrule the motion."

This court sees no reason to contradict the decision from the second appellate district. As such, this court finds that the trial court did not have the authority to dismiss the charges against appellee upon the request of the prosecuting witness when the city attorney objected to the dismissal and indicated that the state was prepared to proceed to trial. As such, appellant's sole assignment of error is sustained.

Based on the foregoing, the assignment of error is sustained. The judgment of the Franklin County Municipal Court is reversed, and this matter is remanded for further proceedings consistent with this opinion and in accordance with law.

*Judgment reversed*
*and cause remanded.*

PEGGY BRYANT and DESHLER, JJ., concur.